# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| United States of America | ) |
|---|---|
| v. | ) |
| PIERRE RODRICUS BURNS | ) Case No. 22-mj-1018 |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  Februray 2020 through March 2020  in the county of  Davidson  in the
 Middle  District of  Tennessee , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2251(a), (e) | Production of Child Pornography |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Jonathan Hendrix / HSI
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: February 8, 2022

_____
*Judge's signature*

City and state: Nashville, Tennessee

U. S. Magistrate Judge Barbara D. Holmes
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT JONATHAN HENDRIX

I, Jonathan Hendrix, first being duly sworn and upon my oath state the following:

1. I am a Special Agent (SA) of the United States Department of Homeland Security, Homeland Security Investigations (HSI), and I am assigned to the Office of the Special Agent in Charge in Nashville, Tennessee. HSI is responsible for enforcing federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Section 2251, et seq. I have been employed as a Special Agent of the U.S. Department of Homeland Security since its inception in 2003. Prior to this employment, I was a Special Agent with the United States Customs Service. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the United States Customs Service Basic Enforcement School, where I received training in the investigation of child pornography and other violations of law. During the course of my duties, I have been the investigating officer and affiant of applications for search/arrest warrants relating to federal and state child pornography investigations.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of **PIERRE R. BURNS ("BURNS")**, for the following offense: production of child pornography in violation of Title 18, United States Code § 2251(a).

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation and, information provided to me by other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of BURNS.

4. In early March of 2020, officers of the Metro Nashville Police Department (MNPD) were called in response to a possible sex trafficking case involving minors. MNPD Detectives had

been alerted by a non-profit specializing in assisting victims of sex trafficking that a female minor victim (MV-1) had emailed the non-profit and made allegations that she was presently being trafficked for sex.

5. As part of this investigation, on March 4, 2020, MNPD investigators conducted a traffic stop on a suspect vehicle on Nolensville Pike in Nashville, Tennessee, which is in the Middle District of Tennessee. Inside the vehicle, a 2013 Mazda, was MV-1, BURNS (operator of the vehicle), and an adult female, N.M. As officers approached the vehicle, they noted the odor of marijuana emanating from the vehicle. Officers asked BURNS about the marijuana smell, and he admitted that there was a marijuana "roach" in the vehicle. Officers then asked BURNS for consent to search the vehicle, and he consented to a search. Officers located a marijuana "roach" and N.M. admitted that the "roach" was hers and that she had been smoking it recently. BURNS stated the vehicle was his late mother's.

6. Investigators interviewed MV-1 and discovered that MV-1 and BURNS met on Tinder, which is an internet-based application designed for dating. According to MV-1, BURNS picked her up at a Waffle House along with another female minor victim (MV-2), who was also a runaway. Once at the BURNS' home, MV-1 and the suspect had sexual intercourse several times. MV-1 also alleged that BURNS had arranged for MV-1 to have sex with other men with BURNS receiving payment for those sexual acts.

7. N.M. was interviewed by investigators, and she stated that BURNS had been attempting to "pimp" MV-1 out to other men, but had been unable to find a man who would pay $300 for sex with MV-1.

8. BURNS was later interviewed by investigators. The interview was audio and video recorded. At the start of the interview, BURNS was advised of his *Miranda* rights, indicated he

understood those rights, and agreed to waive those rights and speak with investigators. BURNS admitted that he had sexual intercourse with MV-1, but denied that he had attempted to engage her in prostitution activities. BURNS was twenty-seven (27) years old at the time he had sexual intercourse with MV-1, who was then fifteen (15) years old.

9. Investigators later served a state search warrant on an iPhone, which was recovered from the Mazda and that investigators believed belonged to BURNS. Images, information, and other data revealed by the extraction confirmed that the iPhone belonged to and was primarily used by BURNS. When reviewing images that were recovered from the iPhone as part of the phone extraction, MNPD detectives observed what appeared to be nude images of MV-1 and MV-2 that appeared to have been taken on or about March 1, 2020.

10. I was contacted by MNPD after these images were discovered and received a copy of the above-referenced cell phone extraction. I, along with other agents, reviewed the cell phone extraction as part of an investigation into potential child pornography offenses.

11. During the review of BURNS device, agents discovered approximately sixteen (16) image files of MV-1 and MV-2 who appear nude and in a shower, bathing and touching each other. A few of the files of interest to the investigation are as follows:

    a. File name: 5005.JPG: This image file depicted MV-1 and MV-2 standing in an open shower. MV-1 is bent down touching MV-2's genitals while MV-2 has her foot on the edge of the shower tub. MV-1 appeared to be digitally penetrating MV-2's genitals with one hand and holding the top of MV-2's genitals with the other. No faces are visible in the image, however, the image is one in a series of MV-1 and MV-2 in the shower together which allowed investigators to identify them;

b. File name: IMG_0218.THM: This image file depicted MV-1 and MV-2 standing in an open shower. MV-1 is bent down touching MV-2's genitals while MV-2 has her foot on the edge of the shower tub. MV-1 appeared to be digitally penetrating MV-2's genitals with one hand and holding the top of MV-2's genitals with the other. No faces are visible in the image, however, the image is one in a series of MV-1 and MV-2 in the shower together. This image is focused on the genital area of MV-2;

12. Based on the foregoing, I submit that there is probable cause to believe that BURNS has committed the offenses of production of child pornography in violation of Title 18, United States Code § 2251(a) and I request that a warrant be issued for his arrest.